IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERIC LAVELLE MAY, :

    Plaintiff, :

vs. : CIVIL ACTION 15-0201-WS-C

DR. PAMELA BARBER, et al., :

    Defendant(s). :

**REPORT AND RECOMMENDATION**

This § 1983 action, filed by an Alabama prison inmate well-known to this Court, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenL.R. 72(a)(2)(R) for appropriate action. Plaintiff, who is known to the Court as a prison inmate that is generally ineligible for *in forma pauperis* status, has once again filed a Motion to Proceed Without Prepayment of Fees when he filed his Complaint instead of paying the $400 filing fee, which he is required to pay as a "three-striker" unless he meets the exception to 28 U.S.C. § 1915(g). Plaintiff is aware of this requirement, as several of his actions have been dismissed pursuant to § 1915(g).[1] After reviewing Plaintiff's Complaint, it is again recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

I.    Applicable Law.

    The relevant portion of the Prison Litigation Reform Act ("PLRA") states:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

---

[1] May's extensive litigation history was recently compiled by Magistrate Judge Milling and Judge DuBose in *May v. Myers*, No. CV 15-304-KD-M, 2015 WL 4967049 (S.D. Ala. Aug. 19, 2015), *appeal dismissed* (Sept. 24, 2015).

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The purpose of the PLRA is to curtail abusive prisoner litigation. Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(citation and quotation marks omitted). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

II.     Complaint's Allegations. (Doc. 1).

In the present action, May has filed a claim against his doctor, Dr. Pamela Barber, M.D. He says that on or about April 11, 2013, she "inflicted cruel and unusual punishment upon (May) in violation of the Constitution's Eighth Amendment." (Doc. 1 at 5).  He has also named a "Doe" defendant and alleges that this defendant also "inflicted cruel and unusual punishment upon (May) in violation of the Constitution's Eighth Amendment." (*Id.*).

When asked to briefly explain his claims, Plaintiff states that Barber failed to follow-up on her promise to seek a consult on his medical condition, which is described as the formation of an Arterial Venous Malformation ("AVM").  He implies that the need for a consult, or possibly his specific diagnosis of the formation of an AVM, was documented in Dr. Quindlen's medical report dated September 12, 2010. (*Id*. at 4)  In addition, he says that Dr. Barber is "uncaring and unconcerned and treated (May's) condition with indifference on April 11, 2013." (*Id*. at 5)  With regard to the supervisory claim against defendant "Doe", May says that he/she "failed to install

any form of audit procedures to check on the performance of (Barber) and allowed to exist the deprivation of medical care." (*Id*.).  May has not provided a clue as to the injury inflicted by either defendant that would be attributable to their alleged failure to properly provide him with the care required under the Eighth Amendment.

May has requested a jury trial and that he be awarded unspecified punitive and compensatory damages with all costs taxed to the defendants.  (*Id*. at 7)

III.     Analysis.

It is without dispute that plaintiff has suffered the dismissal of more than three actions on the bases that they were either frivolous, malicious, or failed to state a claim upon which relief could be granted.  *May v. Myers*, No. CV 15-304-KD-M, 2015 WL 4967049, at *3 ("the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to verify that he has three or more in *forma pauperis* actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. From this review the Court discovered plaintiff has seven actions and appeals that were dismissed based on one of the foregoing reasons[.]").  Therefore, plaintiff's current allegations must satisfy § 1915(g)'s exception, which requires that plaintiff show that he faces an "imminent danger of serious physical injury" at the time of filing his complaint in order for this action to proceed. Additionally, an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges. *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir.2009) (finding that the exception to § 1915(g) was not satisfied because the nexus was too attenuated between the defendants associated with plaintiff's conviction and the alleged imminent danger of serious physical injury arising from his incarceration that was based on the denial of medication and being "surrounded by hostile, aggressive, violent inmates who

beat, rob, assault, extort, and sexually abuse him"). In this action May has failed to even attempt to allege "imminent danger of serious physical injury" at the time he filed the complaint in April 2015 in order to avail himself of the exception to § 1915(g). *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (a claim must have facial plausibility in order for a claim to be stated as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

IV.   Conclusion.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C.1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenL.R. 72(c). The parties should note that *under Eleventh Circuit Rule 3–1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal

the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3–1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of March, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**